# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-41358
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALONZO IBARRA-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1646-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jose Alonzo Ibarra-Rodriguez appeals his guilty plea conviction and sentence for conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana. Ibarra-Rodriguez's valid and unconditional guilty plea waived the non-jurisdictional constitutional challenges he raises regarding his conviction. *See United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41358

We review the district court's application of the Sentencing Guidelines de novo and the district court's findings of fact for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). A factual finding is not clearly erroneous and should be upheld as long as it is plausible in light of the record as a whole. *Id.*

Ibarra-Rodriguez challenges the district court's factual finding that a 2011 load of marijuana delivered to Chicago constituted relevant conduct for purposes of calculating his offense level. *See United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009). In light of the unrebutted evidence in the presentence report concerning the similarities in the offenses and Ibarra-Rodriguez's involvement in those offenses, the district court's finding that the Chicago load was part of the same course of conduct or part of a common scheme or plan as the instant offense was plausible in light of the record as a whole. *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013); *United States v. Rhine*, 583 F.3d 878, 885-88 (5th Cir. 2009); U.S.S.G. § 1B1.3. As such, the district court did not clearly err in using the marijuana involved in the Chicago offense to calculate Ibarra-Rodriguez's offense level. *See Cisneros-Gutierrez*, 517 F.3d at 764.

The district court's finding that Ibarra-Rodriguez was a leader or organizer of the offense is also a factual finding reviewed for clear error. *See United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005). The unrebutted evidence in the presentence report established that Ibarra-Rodriguez coordinated a marijuana transporting operation and exercised decision-making authority by recruiting, directing, and paying his coconspirators, in a conspiracy that involved more than five people. *See Alaniz*, 726 F.3d at 619; U.S.S.G. § 3B1.1, comment. (n.4). Because the district court's finding that Ibarra-Rodriguez was a leader or organizer of the conspiracy was plausible in

No. 14-41358

light of the record as a whole, the district court did not clearly err by applying a four-level adjustment based on Ibarra-Rodriguez's role in the offense. *See Cisneros-Gutierrez*, 517 F.3d at 764.

AFFIRMED.